## GOUVERNEUR PAULDING AND OTHERS, RESPONDENTS, *v.* GEORGE COOPER AND OTHERS, APPELLANTS.

*Contracts by public officers — duties of, as to payment— when personally liable thereon — Effect of a clause in contract exempting officers from personal liability.*

The defendants, commissioners appointed under chapter 720 of 1869, were authorized thereby to borrow $10,000, and, in addition thereto, to issue town bonds, not exceeding $20,000 per mile, to widen, grade and bridge a highway known as the eastern boulevard, the town authorities being directed to deliver the bonds to them as they might be needed. The plaintiffs contracted with the defendants to build a bridge upon said highway for $19,864, to be paid in bonds. Upon applying to the commissioners for payment, after the completion of the work, they were informed that all the bonds authorized by the act had been issued to other persons for constructing the highway.

In an action by the plaintiffs to charge the defendants personally with the amount due under the contract, *held,* that they were entitled to recover.

*Held,* further, that their right to recover was not affected by the facts that the contract was made by the defendants as commissioners and not as individuals, and that it contained a clause providing that they should not be held to any individual liability whatever.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

The action was brought to charge the defendants personally with the amount due under a contract entered into by them, as commissioners of the eastern boulevard of the town of Westchester, for the construction of an iron bridge. The contract was made " between Abraham Hatfield, George Cooper, Hugh Lunney and Thomas Jay Bryne, not as individuals but as a body corporate, commissioners of the eastern boulevard of the town of Westchester, in the county of Westchester and State of New York, acting under authority of the law of the State of New York (chapter 720, 1869), parties of the first part," and concluded as follows :

"Inasmuch as the said commissioners, parties of the first part, are acting in a public capacity, they shall not be held to any individual liability whatever ; and, also, inasmuch as the road is needed for public use without unnecessary delay, the party of the second part covenants to perform this contract within the stipulated time."

*Odle Close,* for the appellants.

*Oscar Smedburg,* for the respondents. The reservation in the contract exempting the defendants from individual liability has no

force whatever. (*Furnival* v. *Coombes*, 5 Manning & Granger, 736.) When an individual sustains an injury by the misfeasance or nonfeasance of a public officer who acts, or omits to act, contrary to his duty, the law gives redress to the injured party by an action adapted to the nature of the case. (*Adsit* v. *Brady*, 4 Hill, 630; *Robinson* v. *Chamberlain*, 34 N. Y., 389; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 id., 648; *Hover* v. *Barkhoof*, 44 id., 113; *Hicks* v. *Dow*, 42 id., 47; *McCarthy* v. *City of Syracuse*, 46 id. 194; *Johnson* v. *Belden*, 47 id., 130; *Clark* v. *Muller*, 54 id., 528; *Meriel* v. *Wymonsold*, 13 Car. II, Hardres' R., 205; *Horsley* v. *Bell* [1778]; 1 Brown's Chancery Cases, *n*, 101; S. C., Ambler's R., 770; 1 Brown's Parliamentary Cases, 396; *Higgins* v. *Livingstone*, 4 Dow's R., 341; see at pp. 355, 356; *Burrell* v. *Jones*, 3 B. & Ald., 47; *Lambert* v. *Knott*, 6 Dowling & Ryland, 122; *Parrott* v. *Eyre*, 10 Bing., 283; *Cullen* v. *Duke of Queensberry*, 1 Brown's Chancery Cases, 101; *Appleton* v. *Binks*, 5 East, 148; *Lancaster* v. *Tucker*, 1 Bing., 201; *Burls* v. *Smith*, 7 id., 705; *Doubleday* v. *Muskett*, 7 id., 110; *Hoskin* v. *Slaton*, Hardwick's Cases, 360.)

BARNARD, P. J. :

The legislature, by chapter 720, Laws of 1869, authorized the town of Westchester, in Westchester county, to borrow $10,000 and to issue bonds of the town, not exceeding $20,000 per mile, to widen, grade and bridge a highway in that town, known as the Eastern boulevard.

The defendants were appointed commissioners to widen make and construct the same. The work was required by the act to be done by contract. The commissioners were to make the contracts, and could, by the provisions of the act, require security for the faithful performance of the work by any contractor. The work could be done in sections, at the option of the commissioners. The town authorities were required to deliver to the commissioners, from time to time, as might be needed, bonds of the town for the purpose of the improvement of the highway. Under this act the defendants, as such commissioners, in the manner provided by this law, contracted with the plaintiffs to erect an iron bridge over the Westchester creek for the price of $19,864, payable from time to time as the work progressed, in the bonds of the town. The plaintiffs

completed the bridge under the contract, and did the extra work incident thereto, and when the work is completed they are told that all the bonds have been issued which the act permitted, and that there is no fund with which to pay plaintiffs for the bridge. I think the defendants are plainly personally liable. They are public officers. They were charged with the duty of keeping the work within the limit authorized by the act, and whenever a contract was made they were charged with the duty of keeping the amount necessary to perform it. The contract made an appropriation, and it was the duty of the commissioners to keep it inviolate. The defendants must assume one of two positions, and either will uphold this action. They either contracted with plaintiffs in excess of their power, or they contracted with sufficient funds, and suffered those funds to be appropriated to other purposes. It was a violation of duty in either case. The plaintiffs have lost their labor and materials by it. Official neglect, and loss thereby to the plaintiffs specially, are thus made out. (*Adsit* v. *Brady*, 4 Hill, 630; *Robinson* v. *Chamberlain*, 34 N. Y., 389; *Fulton Fire Insurance Co.* v. *Baldin*, 37 id., 648.)

The defendants, commissioners, made a contract with one Dunn to build the abutment on which the bridge was to be placed, and the approaches to the bridge. This work was carried off by the flood, and the commissioners aver and prove that they were compelled to expend $3,651.08 in replacing it. I think the fact clearly irrelevant to the plaintiffs. The defendants were bound to take such means as would provide for the execution of the contract by the Messrs. Dunn. They might take security or they might pay after work completed and tests made, or in some other way. The plaintiffs were charged with no duty in regard to it. The defendants could not use the money appropriated to pay plaintiffs, to rebuild the abutments. That would be incurring an obligation subsequent to plaintiff's contract, whereby the fund appropriated to meet it was impaired.

The judgment should be affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.